

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA LANGWORTHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09 CV 2177 |
| ) | |
| HONEYWELL LIFE AND ACCIDENT ) | Judge John W. Darrah |
| INSURANCE PLAN; HONEYWELL ) | |
| INTERNATIONAL, INC.; and LIFE ) | |
| INSURANCE COMPANY OF NORTH ) | |
| AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This is a federal question case, arising out of the Employee Retirement Income Security Act ("ERISA") as preempting state law. This case comes before the court on the Defendants' Motion to Dismiss Counts II and VI of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 28.) For the reasons stated below, the Motion to Dismiss is granted.

### BACKGROUND

The following facts are alleged in the Complaint. Defendant Honeywell International, Inc. ("Honeywell") provided its employees with a group life and accident insurance plan titled the Honeywell Life and Accident Insurance Plan (the "Plan"). (Doc. 27, ¶ 9.) The Plan was underwritten through Defendant Life Insurance Company of North America ("LINA"). (Doc. 27, ¶ 9.) Frederick Langworthy, the Plaintiff's decedent, was an employee of Honeywell whose coverage under the Plan was in full effect at the time of his death. (Doc. 27, ¶¶ 7-8, 10, 11, 13.)

1

The Plaintiff, Barbara Langworthy ("Plaintiff"), is the decedent's widow and the primary beneficiary of his insurance plan. (Doc. 27, ¶¶ 7, 10.)

On November 20, 2007, Frederick Langworthy was involved in an automobile accident when his car struck a tree. (Doc. 27, ¶ 14.) Mr. Langworthy was taken from the scene and treated for serious injuries at Provena St. Joseph Hospital. (Doc. 27, ¶ 15.) Although Mr. Langworthy developed further health problems during his stay at the hospital, his condition improved to the point where he was transferred to a long-term care facility. (Doc. 27, ¶¶ 15-16.) However, Mr. Langworthy's health continued to deteriorate, and on February 4, 2008, Mr. Langworthy died. (Doc. 27, ¶¶ 16, 17.) The Medical Examiner of Cook County listed the cause of death as sepsis. (Doc. 27, ¶ 18.) Additionally, the death certificate indicated that the sepsis was caused by the multiple injuries Mr. Langworthy suffered as a result of his automobile accident. (Doc. 27, ¶ 18.) The death certificate also listed the manner of death as accidental. (Doc. 27, ¶ 18.)

Plaintiff filed a claim for accidental death benefits with the Plan on March 31, 2008. (Doc. 27, ¶ 19.) On June 24, 2008, LINA denied Plaintiff's claim. (Doc. 27, ¶ 20.) LINA based the denial on its position that Mr. Langworthy crashed his automobile after experiencing a hypoglycemic episode brought on by his diabetic condition. (Doc. 27, ¶ 20.) Consequently, LINA invoked a policy exclusion for denying the claim. (Doc. 27, ¶ 20.) Specifically, the Plan denies coverage for deaths caused by "[s]ickness, disease, [or] bodily infirmity." (Doc. 27, ¶ 20.) However, deaths caused by "bacterial infection resulting from an accidental cut or wound . . . are not excluded . . . ." (Doc. 27, ¶ 20.)

On August 4, 2008, Plaintiff wrote a formal letter of appeal to LINA and Honeywell. (Doc. 27, ¶ 21.) LINA received the letter on August 7, 2008, and Honeywell received the letter

2

on August 11, 2008. (Doc. 27, ¶ 21.) Although LINA's contract stipulates that LINA will resolve all appeals within 120 days of the filing date, LINA did not mail Plaintiff its appeal decision until January 12, 2009. (Doc. 27, ¶ 22.) In that decision, LINA again denied Plaintiff's claim under the theory that Mr. Langworthy was suffering a hypoglycemic episode at the time of his accident. (Doc. 27, ¶ 23.)

On May 5, 2009, Plaintiff filed an amended complaint against the Plan, Honeywell, and LINA (collectively, "Defendants"). The Amended Complaint alleges six claims for relief. (Doc. 27, ¶ 32-45.) Count I alleges that the Plan's denial of Plaintiff's life and accident insurance claim violates ERISA, 29 U.S.C. § 1132 (2009). (Doc. 27, ¶ 32-34.) Count II alleges that the Plan's denial of Plaintiff's life and accident insurance claim violates the Illinois Insurance Code, 215 ILCS § 5/155 (2004), because the denial was in bad faith, vexatious, or unreasonable. (Doc. 27, ¶¶ 35-38.) Count III alleges that Honeywell's denial of Plaintiff's life and accident insurance claim violates ERISA, 29 U.S.C. § 1132. (Doc. 27, ¶¶ 32-34.) Count IV alleges that Honeywell's denial of Plaintiff's life and accident insurance claim violates the Illinois Insurance Code, 215 ILCS § 5/155, because the denial was in bad faith, vexatious, or unreasonable. (Doc. 27, ¶¶35-38.) Count V alleges that LINA's denial of Plaintiff's life and accident insurance claim violates ERISA, 29 U.S.C. § 1132. (Doc. 27, ¶¶ 39-41.) Count VI alleges that Honeywell's denial of Plaintiff's violates the Illinois Insurance Code, 215 ILCS § 5/155, because the denial was in bad faith, vexatious, or unreasonable. (Doc. 27, ¶¶ 42-45.)

On June 5, 2009, Plaintiff voluntarily dismissed Honeywell as a defendant in the case. (Doc. 18.) Therefore, only Counts I, II, V, and VI remain. Defendants LINA and the Plan move to dismiss Counts II and VI of the Amended Complaint. (Doc. 28.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. (*Id.*)

However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2nd Cir. 2009) (*Ashcroft*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949. Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). Additionally, determining whether a complaint should survive a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 129 S.Ct. at 1950. To survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct. (*Id.*)

4

## ANALYSIS

Counts II and VI are identical claims that allege that the denial of Plaintiff's life and accident insurance claim violates the Illinois Insurance Code, 215 ILCS § 5/155, because the denial was in bad faith, vexatious, or unreasonable. (Doc. 27, ¶¶ 35-38, 42-45.) The Plan is named as the Defendant in Count II, while LINA is named as the Defendant in Count VI. (Doc. 27, ¶¶ 37, 40.)

Plaintiff argues that her claims for statutory penalties under the Illinois Insurance Code, 215 ILCS § 5/155, are not preempted by ERISA. (Doc. 31.) ERISA preempts state statutes that "relate to any employee benefit plan." 29 U.S.C. § 1144(a) (2006). Specifically, Plaintiff argues the claim falls within ERISA's savings clause, which provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1141(b)(2)(A) (2006).

However, ERISA preempts 215 ILCS § 5/155 for two reasons. First, § 155 does not fall within the scope of ERISA's savings clause. Second, the remedies ERISA provides for claimants alleging improper processing of a claim under an employee benefit plan are meant to be exclusive.

### *The Savings Clause*

ERISA's savings clause does not except claims based on 215 ILCS § 5/155 from preemption. For a state law to qualify as a law that "regulates insurance," the law must satisfy two requirements. "First, the state law must be specifically directed toward entities engaged in insurance. Second . . . the state law must substantially affect the risk pooling arrangement between the insurer and the insured." *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-42, 123 S.Ct. 1471, 1479 (2003) (*Miller*).

5

215 ILCS § 5/155 provides a statutory penalty of attorneys' fees "in any action . . . wherein there is in issue the liability of a company on a policy or policies of insurance . . . for an unreasonable delay in settling a claim, [where] it appears to the court that such action or delay is vexatious and unreasonable . . . ." LINA and the Plan agree with Plaintiff that § 155 is targeted at entities engaged in the insurance business. (Doc. 32.) Thus, the first requirement for § 155 to avoid preemption under 29 U.S.C. § 1141(b)(2)(A) is satisfied. (Doc. 32.)

However, 215 ILCS § 5/155 fails to satisfy the second requirement to avoid preemption because it does not substantially affect the risk pool arrangement between the insurer and the insured. The Supreme Court stated in *Miller* that statutes which "alter the scope of permissible bargains between insurers and insureds" satisfy the second requirement to avoid preemption under ERISA, 29 U.S.C. § 1141(b)(2)(A). 538 U.S. at 338-39, 123 S.Ct. at 1477. In *Jacobson v. Humana Ins. Co.*, 2005 WL 1563154, *5 (N.D.Ill. 2005), the court held that 215 ILCS § 5/155 does not fall under ERISA's insurance savings clause. Specifically, the *Jacobson* court stated that "§ 155 . . . is not an integral part of the policy relationship between the insurer and the insured." 2005 WL 1563154 at *4.

Section 155 does not affect the initial arrangement between the insurer and the insured. Rather, § 155 provides a remedy to which the insured may turn when injured by the bad faith or unreasonable delay of an insurer. Thus, § 155 does not alter the scope of permissible bargains between insurers and the insured. Because § 155 does not substantially affect the risk pool arrangement between the insurer and insured, the statute does not fall within the scope of

ERISA's insurance savings clause.[1] Plaintiff's speculative argument that the statutory penalty of § 155 will have a "substantial affect on the risk pool" because "the insurer will potentially pay out more money" is unpersuasive. (Doc. 31, ¶ 7.) It has not been plausibly shown that the risk pool arrangement which funds the insured risk to the insured includes the probability of malfeasance of the insurer in handling claims.

*Claims Processing Remedies*

The Plaintiff's § 155 claims are also preempted because, if permitted, they would circumvent the exclusivity of the remedies in ERISA. Section 1132(a) of ERISA is meant to provide an exclusive set of remedies for claimants alleging improper processing of a claim under an employee benefit plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987) (*Pilot Life*). In *Casey v. Uddeholm Corp.*, 1992 WL 122951, *2 (N.D.Ill. 1992), the court held that the remedy provided by § 1132(a) preempted any state remedies available under 215 ILCS § 5/155. "Section 155 allows the recovery of a statutory penalty, akin to an award of punitive damages which are not available under ERISA. To allow access to state-law remedies such as those provided in § 155 would undermine ERISA's exclusivity." *Casey*, 1992 WL 122951 at *2. Although the Plaintiff argues that *Miller* has replaced *Pilot Life* on this issue, the *Miller* Court

---

1 Several other jurisdictions have held that bad-faith statutes similar to 215 ILCS § 5/155 were preempted by ERISA under 29 U.S.C. § 1141(b)(2)(A). *See e.g. Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 277 (5th Cir. 2004) (holding that a bad-faith claim was preempted by ERISA because remedial statutes cannot affect an initial bargain between insurer and insured); *Barber v. Unum Life Ins. Co. of America*, 383 F.3d 134, 143 (3rd Cir. 2004) (holding that a bad-faith claim was preempted by ERISA because it "does not affect the kinds of bargains insurers and insureds make"); *Allison v. UNUM Life Ins. Co. of America*, 381 F.3d 1015, 1027-28 (10th Cir. 2004) (holding that bad-faith claims do not fall within ERISA's savings clause); *Price v. Minn. Life Ins. Co.*, 2008 WL 687131, *4 (S.D.Ill. 2008) (holding that 215 ILCS § 5/155 was preempted by ERISA because § 155 did not "govern the substantive content of the insurance contract").

did not question *Pilot Life*'s holding regarding the exclusivity of ERISA's remedies. (Doc. 31, ¶¶ 12-14.) Thus, ERISA preempts § 155.

The allegations set forth in the Amended Complaint are not sufficient to withstand a motion to dismiss. In sum, ERISA preempts § 155 because the statute does not fall within the scope of ERISA's savings clause and because ERISA is meant to provide an exclusive set of remedies for claimants alleging improper processing of a claim under an employee benefit plan. Thus, Counts II and VI of the Amended Complaint fail to state a cognizable claim.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Counts II and VI of the Amended Complaint is granted.

Date: October 22, 2009

JOHN W. DARRAH
United States District Court Judge